1  ADAM PAUL LAXALT
     Attorney General
2  GERRI LYNN HARDCASTLE, Bar No. 13142
     Deputy Attorney General
3  State of Nevada
   Bureau of Litigation
4  Public Safety Division
   100 N. Carson Street
5  Carson City, Nevada 89701-4717
   Tel: (775) 684-1134
6  E-mail: ghardcastle@ag.nv.gov

7  *Attorneys for Defendant*

```
         FILED          RECEIVED
         ENTERED        SERVED ON
              COUNSEL/PARTIES OF RECORD

              OCT 29 2018

         CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
      BY:                      DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS BRANAGAN, | Case No. 3:17-cv-00485-MMD-CBC |
| Plaintiff, | ORDER |
| vs. | DEFENDANT'S MOTION FOR ENLARGEMENT OF STAY |
| JOSEPH WALL, | (First Request) |
| Defendants. | |

Defendant, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby move this Honorable Court for a sixty- (60-) day enlargement of the stay in this matter. This motion is based on Fed. R. Civ. P. 6(b)(1), the following memorandum of points and authorities, and all papers and pleadings on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

This case is an inmate civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 4 at 1. Plaintiff, Thomas Branagan (Plaintiff), is an inmate in the custody of the Nevada Department of Corrections (NDOC). *Id.* The events at issue in Plaintiff's complaint took place at Northern Nevada Correctional Center (NNCC). *Id.*

Plaintiff alleges that Defendant, Joseph Walls (Dr. Walls), violated his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution. *Id.* at 3. Specifically, Plaintiff alleges that Dr. Walls has been deliberately indifferent to Plaintiff's serious medical

1

needs. ECF No. 3 at 3-5. Plaintiff claims that Dr. Walls knew that he suffers from a torn bicep in his right shoulder and a torn meniscus in his left knee. *Id.* at 3. He also claims that Dr. Walls knew that Plaintiff needs surgery to repair his bicep and meniscus, but Dr. Walls denied him these surgeries due to the costs involved. *Id.* Plaintiff asserts that he suffers from severe, chronic pain in his right shoulder and left knee—which inhibits his ability to perform normal daily activities such as walking, lifting, and sleeping. *Id.* at 3-4. Finally, he asserts that although Dr. Walls was aware of the pain from which he suffers, but Dr. Walls refused to provide him with adequate pain management (*i.e.*, opioid therapy) due to the costs involved. *Id.* at 4.

On October 23, 2018, the parties participated in an Inmate Early Mediation Conference. ECF No. 8. At the conference, Plaintiff affirmed that he has retained counsel to represent him and that the attorney would notice his appearance with this Court in the upcoming week. *Id.* Accordingly, the parties agreed to continue the 90-day stay for an additional sixty (60) days. *Id.* During this time, Defendant's counsel will arrange for Plaintiff to be evaluated by an orthopedist to determine if surgery is recommended, and the parties will continue settlement discussions. Therefore, Defendant respectfully request that this Court extend the time of the stay by sixty (60) days so that they may continue settlement discussions before the mandatory filing fee is imposed upon Plaintiff.

## II. DISCUSSION

### A. Fed. R. Civ. P. 6(b)(1) allows this Court to extend deadlines.

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such

as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

**B.   Good cause exists to enlarge the stay and allow the parties to continue settlement negotiations.**

Here, Defendant requests that this Court enlarge the stay by an additional sixty (60) days so that the parties can continue settlement negotiations before the filing fee is assessed against Plaintiff. At the Early Mediation Conference, Plaintiff represented that he has retained counsel to represent him in this matter and that the attorney would notice his appearance in the upcoming week. Therefore, Defendant and his counsel, in order to prevent a violation of RPC 4.2, could not pursue settlement at the conference. However, Plaintiff agreed to an enlargement of the stay so that settlement discussions could be continued with his attorney. Furthermore, the defense represented that NDOC will arrange for Plaintiff to be evaluated by an orthopedist to determine if surgery is recommended. Defendant asserts that Plaintiff's announcement of forthcoming representation and the parties' agreement to continue settlement discussions thereafter constitutes good cause for the requested enlargement of the stay.

### III.   CONCLUSION

Because the parties need additional time to continue settlement negotiations, Defendants respectfully request that this Honorable Court grant their motion and extend the stay in this matter by sixty (60) days.

DATED this 25th day of October, 2018.

ADAM PAUL LAXALT
Attorney General

By: _____
GERRI LYNN HARDCASTLE
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
*Attorneys for Defendants*

IT IS SO ORDERED
_____
U.S. MAGISTRATE JUDGE
DATED: 10/29/2018

3

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 25th day of October, 2018, I caused to be served a copy of the foregoing, **DEFENDANT'S MOTION FOR ENLARGEMENT OF STAY,** by U.S. District Court CM/CEF Electronic Filing on:

Thomas Branagan #1061708
C/O NNCC Law Librarian
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, NV 89702
lawlibrary@doc.nv.gov

_____
An employee of the Office
of the Attorney General