UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| THOMAS BRANAGAN, | Case No. 3:17-cv-00485-MMD-CLB |
|---|---|
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |
| JOSEPH WALLS, | |
| Defendant. | |

This case involves a civil rights action filed by Plaintiff Thomas Branagan ("Branagan") against Defendant Joseph Walls ("Walls"). Currently pending before the court is Walls' motion for summary judgment. (ECF Nos. 37, 39).[2] Branagan responded (ECF No. 43), and Walls replied (ECF No. 44). Having thoroughly reviewed the record and papers, the court recommends Walls' motion for summary judgment (ECF No. 37) be granted.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Branagan is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the High Desert State Prison ("HDSP"), where the events of this case allegedly occurred, beginning in October of 2016. (ECF No. 4 at 1). On August 15, 2017, proceeding *pro se*, Branagan submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, which he signed and verified, under penalty of perjury, acknowledging the facts and information contained in the complaint were "true and correct." (*See* ECF Nos. 1 at 1 and 4 at 1). Pursuant to 28 U.S.C. § 1915A(a), the court

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]    ECF No. 39 consists of sealed exhibits filed in support of the motion for summary judgment. (*See* ECF No. 39). ECF No. 42 is errata to Walls' motion for summary judgment consisting of the authenticating declaration of the HDSP's custodian of records. (*See* ECF No. 42)

screened the complaint on July 11, 2018 and issued a screening order. (ECF No. 3.) The Court allowed Branagan to proceed on an Eighth Amendment deliberate indifference to serious medical needs claim against Walls. (ECF No. 3 at 5).

### A. Branagan's Deliberate Indifference Claim[3]

Branagan's complaint, in relevant part, alleges the following: Branagan suffers from a torn meniscus in his left knee (and potentially his right knee as well) and torn ligaments in his bicep and right shoulder. (ECF No. 4 at 3). Branagan alleges he has received constitutionally inadequate medical care for his injuries. (*Id.*) Branagan alleges Walls had actual knowledge Branagan's left knee, torn biceps and right shoulder need surgery but recklessly and deliberately refused to perform the surgery to save NDOC money related to its medical expenditures. (*Id.* at 4). Branagan further alleges Walls' failure to perform the surgeries has forced Branagan to live in severe and chronic pain, impairing his ability to perform necessary daily activities, including walking, sleeping, and exercising. (*Id.* at 5). Branagan also alleges Walls has deliberately and recklessly refused to provide Branagan opioid pain medications to save NDOC money related to its medical expenditures in violation of the Eighth Amendment. (*Id.* at 5-6). Branagan requests the following relief: (1) declaratory relief, stating Walls' acts and/or omissions violated Branagan's constitutional rights; (2) preliminary and permanent injunctive relief ordering Walls and his successors to arrange surgery for Branagan; (3) compensatory damages in the amount of $20,000.00 for pain and suffering; (4) punitive damages in the amount of $60,000.00 for ongoing violations of Branagan's constitutional rights; (5) nominal damages in the amount of $1.00; (6) such additional relief as the court may deem just and proper. (*Id.* at 10-11).

### B. Walls' Motion for Summary Judgment

On July 10, 2020, Walls filed a motion for summary judgment (ECF No. 37). Walls argues he is entitled to summary judgment because he was not deliberately indifferent to

---

[3]   The facts as stated herein are taken from the allegations asserted in the Complaint unless noted otherwise.

Branagan and because Branagan failed to exhaust his administrative remedies, and alternatively, Walls is entitled to qualified immunity. (ECF No. 37 at 5-13). Branagan opposed the motion, (ECF No. 43), and Walls replied (ECF No. 44). The recommended disposition follows.

## II. LEGAL STANDARD

Summary judgment should be granted when the record demonstrates "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material." *Id.* A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996).

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere

existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324.

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). *See McElyea v. Babbitt,* 833 F.2d 196, 197-98 (per curiam) (9th Cir. 1986). Accordingly, an inmate's "verified complaint may be treated as an affidavit . . . ." satisfying the *Celotex* affidavit requirement. *Id.* (quoting *Lew v. Kona Hospital*, 754 F.2d 1420, 1423 (9th Cir. 1985)).[4]

## III.    DISCUSSION

### A.    Exhaustion of Administrative Remedies

Walls argues Branagan's deliberate indifference claim fails as a matter of law because he failed to exhaust his administrative remedies. (ECF No. 37 at 10-12). Specifically, Walls asserts Branagan's claim against Walls must be rejected pursuant to the Prison Litigation Reform Act of 1995 ("PLRA") because Branagan's shoulder was not examined by Walls until two years after his grievance and the only grievance that did reach the second level was insufficient because it alternately grieved knee and shoulder pain. (*Id.*) The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

---

[4] Regarding the complaint allegations of a *pro se* inmate, "because a party's own testimony will nearly always be 'self-serving,' the mere self-serving nature of testimony permits a court to discount that testimony only where it 'states only conclusions and not facts that would be admissible evidence.'" *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (quoting *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497–98 (9th Cir. 2015)). However, "[t]he district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature." *Nigro*, 784 F.3d at 497 (quoting *S.E.C. v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007)).

any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is mandatory.  *Ross v. Blake*, 136 S.Ct. 1850, 1856-57 (2016); *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The PLRA requires "proper exhaustion" of an inmate's claims.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  Proper exhaustion means an inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue."  *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 90).  Failure to exhaust is an affirmative defense.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  "'[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.'" *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (quoting *Jones,* 549 U.S. at 218).  The defendants bear the burden of proving that an available administrative remedy was unexhausted by the inmate.  *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).

Having reviewed the record, the court rejects Walls' exhaustion argument. Here, Walls concedes, and his evidence shows, that Grievance ID No. 2006-30-41927 was exhausted, receiving a second level response in accordance with NDOC Administrative Regulation ("AR") 740.  (*See* ECF No. 37-4 at 8).  Grievance ID No. 2006-30-41927 stated, at the informal level, that Branagan had problems with his knees, and at the second level, that he had problems with his shoulder, but his grievance responses were "crossed in complaints."  (*Id.*)  Although Walls argues "NDOC was consequently deprived of its final opportunity to avoid a lawsuit pertaining to treatment of [Branagan's] knee(s)", the second level response plainly addresses the examination of Branagan "by an orthopedic specialist" (Walls) who had examined his knees.  (*See* ECF Nos. 37 at 11, 37-4 at 8, and 39-2 at 4).  The administrative remedy regarding Grievance ID No. 2006-30-41927 was exhausted because it received a second level response in pursuant to AR 740.  (*See* ECF No. 37-5 at 6); *see also Reyes*, 810 F.3d at 657.

Walls' argument regarding Branagan's shoulder is similarly unpersuasive.  "A grievance need not include legal terminology or . . . . contain every fact necessary to prove each element of a legal claim."  *Griffin*, 557 F.3d at 1120.  Construing Branagan's claims

5

in the light most favorable to him, his Grievance ID No. 2006-29-92357, in combination with his response to Grievance ID No. 2006-20-41927 were sufficient to put NDOC on notice he was having both knee and shoulder pain he needed addressed. *See Jones,* 549 U.S. at 219 (stating the purpose of grievances is to alert prison officials to a problem, including potential constitutional violations, not to notice officials of all future bases for litigation) (internal citations omitted). Thus, even if Branagan did not specifically exhaust his remedy regarding his shoulder pain, summary judgment cannot be appropriately granted on that basis alone. Under the PLRA, where some claims are exhausted and others are not, courts may not dispose of the "good" claims along with the "bad" ones. *Id.* at 220-22. Moreover, construing the evidence in the light most favorable to Branagan, as required, Grievance ID No. 2006-30-41927 sufficiently exhausted his administrative remedy regarding both his knee and back pain. Accordingly, Walls' exhaustion argument fails and the court will address Branagan's deliberate indifference claim below.

### B. Deliberate Indifference to Serious Medical Needs

The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency" by prohibiting the imposition of cruel and unusual punishment by state actors. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal quotation omitted). The Amendment's proscription against the "unnecessary and wanton infliction of pain" encompasses deliberate indifference by state officials to the medical needs of prisoners. *Id.* at 104 (internal quotation omitted). It is thus well established that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 106.

Courts in this Circuit employ a two-part test when analyzing deliberate indifference claims. The plaintiff must satisfy "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard— deliberate indifference." *Colwell*, 763 F.3d at 1066 (internal quotation omitted). First, the objective component examines whether the plaintiff has a "serious medical need," such that the state's failure to provide treatment could result in further injury or cause

unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Serious medical needs include those "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell*, 763 F.3d at 1066 (internal quotation omitted).

Second, the subjective element considers the defendant's state of mind, the extent of care provided, and whether the plaintiff was harmed. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation omitted). However, a prison official may only be held liable if he or she "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). The defendant prison official must therefore have actual knowledge from which he or she can infer that a substantial risk of harm exists, and also make that inference. *Colwell*, 763 F.3d at 1066. An accidental or inadvertent failure to provide adequate care is not enough to impose liability. *Estelle*, 429 U.S. at 105–06. Rather, the standard lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other . . . ." *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Accordingly, the defendants' conduct must consist of "more than ordinary lack of due care." *Id.* at 835 (internal quotation omitted) (*see Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("[M]ere malpractice, or even gross negligence" in the provision of care fails to state a deliberate indifference claim).

A difference of opinion between a physician and a prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference. *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986). Instead, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012)

1  (overruled, in part, on other grounds by *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014))
2  (quoting *Jackson*, 90 F.3d at 332). A "mere delay of surgery, without more, is insufficient
3  to state a claim of deliberate medical indifference." *Shapley v. Nevada Bd. of State Prison*
4  *Comm'rs*, 766 F.2d 404, 406-07 (9th Cir. 1985) (finding that the failure of prison
5  authorities to respond to cumulative, repeated demands for surgery did not itself
6  constitute deliberate indifference).

7  Walls argues he is entitled to summary judgment on Branagan's deliberate
8  indifference claim because the evidentiary record shows Walls was not deliberately
9  indifferent to Branagan and because Branagan himself repeatedly refused non-opioid
10 treatment for his shoulder. (ECF No. 37 at 12). Walls further argues Branagan received
11 constitutionally adequate care and pain medication related to his injuries. (*Id.* at 18-21)

12 Based on the evidence before the court, and in viewing all facts and drawing all
13 inferences in the light most favorable to Branagan, the court finds summary judgment
14 should be granted in favor of Walls on Branagan's deliberate indifference claim. Walls
15 has, on the basis of authenticated evidence, shown that the record forecloses the
16 possibility of a reasonable jury finding in Branagan's favor. *Celotex*, 477 U.S. at 323.
17 Accordingly, the burden shifts to Branagan to "designate specific facts demonstrating the
18 existence of genuine issues for trial." *In re Oracle Corp.*, 627 F.3d at 387. Branagan has
19 failed to carry his burden.

20 First, it is undisputed that Brangan's chronic pain in his knee, bicep, and shoulder
21 due to torn tissues constitutes a serious medical need. *Colwell*, 763 F.3d at 1066. Thus,
22 the only issue is whether Branagan has come forward with some evidence to establish a
23 genuine issue of fact that Walls knew of and disregarded "an excessive risk to
24 [Branagan's] health and safety." *Toguchi*, 391 F.3d at 1057.

25 Because Branagan attached no documentation to either his complaint (ECF No.
26 4) or his opposition to Walls' motion for summary judgment (ECF No. 43), he has failed
27 to produce any evidence Walls was deliberately indifferent to his serious medical needs.
28 Therefore, even when viewing all facts and drawing all inferences in the light most

favorable to Branagan, the court finds summary judgment should be granted in favor of Walls on Branagan's deliberate indifference claim.

Branagan alleges Walls had actual knowledge Branagan's left knee, torn biceps and right shoulder need surgery but recklessly and deliberately refused to perform the surgery, or provide Branagan with pain medication, all to save NDOC money related to its medical expenditures. (ECF No. 4 at 4). Branagan further alleges Walls' failure to perform the surgeries has forced Branagan to live in severe and chronic pain, impairing his ability to perform necessary daily activities, including walking, sleeping, and exercising. (*Id.* at 5).

However, Branagan admits he refused to allow cortisone shots to be administered to his shoulder. (ECF No. 43 at 1-3). Further, Walls' evidence shows Branagan's shoulder MRI was "unremarkable." (ECF No. 39-1 at 4). Although he had some "partial tearing" and "mild" tendinosis and tendinopathy, Branagan has provided no evidence that any medical professional recommended surgery for his shoulder. (*Id.* at 2-3). Branagan has similarly provided no evidence his knee required surgery. Indeed, Walls' evidence shows that Brangan's knee MRI was also "unremarkable." (ECF No. 39-2 at 3). Further, even if Branagan did need surgery for his knee and/or shoulder, a "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference." *Shapley*, 766 F.2d at 406-07. Rather, to establish his deliberate indifference to serious medical needs claims, Branagan must show that Walls knew of and disregarded "an excessive risk to [his] health and safety." *Toguchi*, 391 F.3d at 1057. Branagan has provided no evidence Walls knew of or disregarded a risk to his health or safety. Moreover, Walls' evidence shows Branagan received pain medications, including Ibuprofen, Acetaminophen, and Naproxen during the time Walls was allegedly deliberately indifferent to Branagan's pain. (ECF No. 39-3 at 3). Branagan has provided no evidence to the contrary.

Although Branagan alleges the treatment he received from Walls was inadequate, Branagan has failed to produce evidence creating a genuine dispute whether that medical treatment was appropriate. *See Taplet v. Brooks*, 432 Fed. Appx. 697, 698 (9th Cir. 2011)

(finding that Plaintiff's own allegations, unsupported by expert testimony, were insufficient to create a dispute of fact over whether care was medically acceptable) (citing *Clouthier v. Cnty. Of Contra Costa*, 591 F.3d 1232, 1252 (9th Cir. 2010) (overruled, in part, on other grounds by *Castro v. Cnty. Of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)). Therefore, Branagan's opinions about the care he received from Walls are not evidence that Walls' care was improper. Instead, Branagan "must show that the course of treatment [Walls] chose was medically unacceptable under the circumstances and that [Walls] chose this course in conscious disregard of an excessive risk to [Branagan's] health." *Snow*, 681 F.3d at 988. Branagan has provided no evidence that would make such a showing. Thus, Walls is entitled to summary judgement as to Branagan's deliberate indifference to serious medical needs claim. Accordingly, the court recommends Walls' motion for summary judgment (ECF No. 37) be granted.[5]

### IV.   CONCLUSION

For good cause appearing and for the reasons stated above, the court recommends Walls' motion for summary judgment (ECF No. 37) be granted.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

---

[5] Where the court determines a plaintiff's allegations fail to show a statutory or constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Here, Branagan is unable to establish a violation of his rights under the United States Constitution. Accordingly, there is no need for the court to address Wall's arguments related to qualified immunity.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Walls' motion for summary judgment (ECF No. 37) be **GRANTED**; and

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly.

**DATED**: September 25, 2020

_____
**UNITED STATES MAGISTRATE JUDGE**